# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Mark S. Zaid, Esq.,** ) | |
| ) | |
| **Plaintiff-Appellee,** ) | |
| ) | |
| v. ) | Civil Action No. 26-5009 |
| ) | |
| **Executive Office of the President, *et al.*,** ) | |
| ) | |
| **Defendants-Appellants.** ) | |

## GOVERNMENT'S MOTION
## FOR AN ABBREVIATED BRIEFING SCHEDULE
## AND EXPEDITED CONSIDERATION OF THE APPEAL

The Government respectfully moves for an abbreviated briefing schedule and to expedite this appeal because delay will cause irreparable injury and avoiding delay is in the public interest.

On December 23, 2025, the district court preliminarily enjoined the defendants from "giving effect to security clearance revocations or denials of access to or the ability to use classified information" pursuant to the Presidential Memorandum dated March 22, 2025, entitled "Rescinding Security Clearances and Access to Classified Information from Specified

1

Individuals," as to the plaintiff. D. Ct. Doc. No. 52, at 38–39. The district court's preliminary injunction took effect on January 13, 2026. *Id.* at 39. The Government filed its notice of appeal with this Court on January 6, and the Clerk docketed the appeal on January 13.

The Government now seeks expedited briefing in lieu of an emergency stay so that the Court may expeditiously resolve this discrete legal issue while limiting the disruption caused by the preliminary injunction and any subsequent modifications thereto.

The Government proposes the following abbreviated briefing schedule:

| | |
|---|---|
| **Government's Opening Brief:** | Tuesday, January 20, 2026 |
| **Plaintiff's Response Brief:** | Friday, January 30, 2026 |
| **Government's Reply Brief:** | Friday, February 6, 2026 |

The Government conferred with plaintiff's counsel, who opposes this Motion. The plaintiff's stated position was: "Plaintiff opposes the expedition of this appeal (and will file a separate opposition) because the government's reasons do not meet the legal requirements for such action and because plaintiff's counsel are involved in other cases/trials/hearings until April 2026."

2

Additionally, the Government respectfully asks the Court to set the deadline for the plaintiff's response to this motion to the soonest appropriate date and to direct the Clerk to schedule oral argument on the earliest available date following the completion of briefing.

**DISCUSSION**

The D.C. Circuit may expedite its consideration of matters when "delay will cause irreparable injury" and the decision under review is "subject to substantial challenge." D.C. Cir., *Handbook of Prac. & Internal Procs.* 34. It may also expedite matters "in which the public generally, or in which persons not before the Court, have an unusual interest in prompt disposition." *Id.* Both bases for expedition apply here.

First, delay will cause irreparable injury, and the preliminary injunction is subject to substantial challenge. While the preliminary injunction is in effect, agency heads are prohibited from complying with the President's determination that "it is no longer in the national interest" for the plaintiff to have access to the Nation's secrets. Memorandum on Rescinding Security Clearances and Access to Classified Information from Specified Individuals, 2025 Daily Comp. Pres. Doc. (Mar. 22, 2025). As such, the district court's order irreparably

injures the Government by usurping the President's authority to manage access to classified information when he determines that access is not in the Nation's interests.

Furthermore, this appeal raises a "substantial challenge" to the preliminary injunction given that the district court's order clearly intrudes into the President's classification authority—a core Article II power of the Commander in Chief—and contradicts longstanding Supreme Court precedent. *See Dep't of Navy v. Egan*, 484 U.S. 518, 528 (1988) ("The President, after all, is the 'Commander in Chief of the Army and Navy of the United States.' His authority to classify and control access to information bearing on national security . . . flows primarily from this constitutional investment of power in the President. . . ."). The Court may grant this motion for expedition on this basis alone.

Second, the public has an unusual interest in the prompt disposition of this appeal. As already discussed, this appeal deals with an individual's access to the Nation's secrets and the Executive Branch's authority to control that access. During the pendency of the appeal and as long as the preliminary injunction is in effect, the President's power as the Original Classification Authority will be impaired and the

4

defendant agencies will be foreclosed from relying on a national-security determination made by the President. The Government and the public have an undeniable interest in the protection of the Nation's secrets, so this appeal merits a speedy resolution.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion for expedited briefing, issue an order setting the above briefing schedule and setting the deadline for plaintiff's response to this motion to the soonest appropriate date, and direct the Clerk to schedule oral argument on the earliest available date following the completion of briefing.

Dated: January 13, 2026  Respectfully submitted,
Washington, D.C.


STANLEY E. WOODWARD, JR.
Associate Attorney General


*/s/      Abhishek Kambli*
ABHISHEK KAMBLI
Deputy Associate Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530
Tel: (202) 514-9500

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of D.C. Circuit Rule 27 because it contains 743 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Abhishek Kambli*
Abhishek Kambli

# CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system.

*/s/ Abhishek Kambli*
Abhishek Kambli