IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                              *
**MARK S. ZAID, ESQ.**                        *
                                              *
                                              *
      Plaintiff-Appellee,               *
                                              *
      v.                                 *    Case No. 26-5009
                                              *
**EXECUTIVE OFFICE OF THE**                   *
**PRESIDENT,** *et al*.                       *
                                              *
      Defendants-Appellants.             *
                                              *
_____

# MR. ZAID'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN ABBREVIATED BRIEFING SCHEDULE AND <u>EXPEDITED CONSIDERATION OF THE APPEAL</u>

Plaintiff-Appellee Mark S. Zaid respectfully opposes the government's motion for an abbreviated briefing schedule and expedited consideration of this appeal. The government has not made the requisite showing that the established appellate process will cause "irreparable injury" and that the district court's injunction "is subject to substantial challenge." *D.C. Circuit Handbook of Practice & Internal of Practice and Internal Procedures* 34 (2025); *see Loma Linda-Inland Consortium for Healthcare Educ. v. NLRB*, No. 23-5096, 2023 WL 7294839, at *12 (D.C. Cir. May 25, 2023). Moreover, Mr. Zaid's counsel has an upcoming trial and other case deadlines that would make it exceedingly difficult to meet the

1

government's proposed 10-day turnaround time for a response brief when there is no compelling reason to do so.

**I.      The Established Appellate Process Would Not Cause Irreparable Injury**

*First*, the government has failed to demonstrate that the ordinary appellate process, without expedition, would cause irreparable injury.  The government asserts that the injunction reinstating Mr. Zaid's security clearance, which went into effect on January 13, 2026, irreparably injures the government by "usurping the President's authority to manage access to classified information when he determines that access is not in the Nation's interests."  Mot. at 4.

But the government's conduct in recent cases involving similar injunctions belies any claim that it views the reinstatement of a security clearance as an irreparable injury requiring immediate relief.  According to the government's own docketing statements,[1] this case involves "substantially the same issue" as the four cases brought by law firms challenging the President's suspension of security clearances: *Perkins Coie LLP v. DOJ*, No. 25-5241 (D.C. Cir. July 2, 2025); *Jenner & Block LLP v. DOJ*, No. 25-5265 (D.C. Cir. July 22, 2025); *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of the President*, No. 25-5277

---

[1] *E.g.*, Docketing Statement, *Susman Godfrey LLP v. Executive Office of the President*, No. 25-5310 (D.C. Cir. Sep. 25, 2025).

2

(D.C. Cir. July 28, 2025); and *Susman Godfrey LLP v. Exec. Off. of the President*, 25-5310 (D.C. Cir. Aug. 26, 2025) (collectively, "the law firm cases").

Yet more than eight months have passed since the district court entered a final judgment in *Perkins Coie LLP v. DOJ*,[2] and the government has not sought expedited relief in that case or any of the others. Instead, the government has sought *extensions* in each case. On September 23, 2025, this Court entered an order setting a 30-day deadline for each of the parties in the law firm cases to "file motions to govern further proceedings." *See* Clerk's Order, *Jenner & Block LLP v. DOJ*, No. 25-5265 (D.C. Cir. Sep. 23, 2025). On October 6, 2025, the government filed a motion to stay that briefing schedule in light of the federal government shutdown. *See* Motion to Stay Proceedings, *Jenner & Block LLP v. DOJ*, No. 25-5265 (D.C. Cir. Oct. 6, 2025). This Court granted that request. Several weeks after the federal government reopened, the government sought and received a second extension, this one for 45 additional days.[3] *See* Motion to Extend Time to File, *Jenner & Block LLP v. DOJ*, No. 25-5265 (D.C. Cir. Dec. 8, 2025). As a result of the multiple extensions requested by the government, the deadline for the parties in the law firm cases to

---

[2] *Perkins Coie LLP v. DOJ*, 1:25-cv-00716 (D.D.C. May 2, 2025), Dkt. No. 184.

[3] In its request for a 45-day extension, the government explained that counsel who submitted the request was "on paternity leave through January 5, 2026" and sought an extension until January 26, 2026. *See* Motion to Extend Time to File, *supra*. The same government counsel has, in this case, requested an expedited briefing schedule whereby the government's brief would be due on January 20, 2026.

3

comply with this Court's September 23, 2025 order is now January 26, 2026. *See* Clerk's Order Granting Motions to Extend Time, *Jenner & Block LLP v. DOJ*, No. 25-5265 (D.C. Cir. Dec. 9, 2025).

The government has not attempted to explain why it was necessary to delay the law firm cases while expediting this one. Nor could it. The putative "irreparable injury" articulated by the government would apply with equal force to all cases. Like this case, the law firm cases concern injunctions affecting the President's ability to "manage access to classified information when he determines that access is not in the Nation's interests." Mot. at 4. And while the law firm cases involve the reinstatement of dozens of security clearances across multiple firms, this case concerns just one individual's access. There is no reason why the ordinary appellate process would cause irreparable injury in Mr. Zaid's case alone.

Mr. Zaid's long history of possessing a security clearance without incident, including during both of President Trump's terms in office, further undermines the government's position that this Court must act urgently to address Mr. Zaid's access to classified information. Mr. Zaid has had authorized access to classified information since approximately 1995 and held a Top Secret/Sensitive Compartmented Information clearance throughout the majority of President Trump's first term (without issue). After President Trump was inaugurated for a second term, the government waited more than two months to formally revoke Mr. Zaid's security

clearance, until April 3, 2025. Neither the government nor the President has alleged that anything occurred *during* those two months that would call into question Mr. Zaid's ability to handle or access classified information.

Without providing any factual basis, President Trump purported to determine on March 22, 2025 that it was "no longer in the national interest" for Mr. Zaid to possess a security clearance. The government does not contend, however, that Mr. Zaid's possession of a security clearance over the past three decades has *ever* resulted in injury. Instead, the government seemingly believes that any court order contrary to the President's view of the "national interest" constitutes an irreparable injury.

The government is also incorrect in asserting that "agency heads are prohibited from complying with the President's determination" regarding Mr. Zaid's security clearance while the preliminary injunction is in effect. Mot. at 3. The district court's December 23, 2025 decision did not enjoin government agencies from properly evaluating Mr. Zaid's security clearance access or otherwise conducting ordinary agency reviews: "Nothing in this order shall bar the defendants from suspending or revoking any security clearance or access to classified information for reasons independent of the presidential memorandum and *pursuant to ordinary agency process and applicable law*." Dist. Ct. Op. at 39 (emphasis added). Accordingly, the government cannot demonstrate that review of this order and injunction through the established appellate process—while agencies maintain

5

the ability to lawfully suspend, review, or revoke Mr. Zaid's clearance–would cause any "irreparable injury" here.

While the government asserted an ambiguous, unspecified "national interest" as a basis to revoke Mr. Zaid's clearance on March 22, 2025, the government now cites national *security* justifications as a basis to expedite this appeal. Mot. at 5 ("[D]efendant agencies will be foreclosed from relying on a national-security determination made by the President."). Yet national interest, not national security, was the stated rationale for revoking Mr. Zaid's clearance in the first instance. As the district court clarified, "national interest" is distinct from any so-called national security determination.[4] The government forfeited any national security argument in issuing the memorandum revoking Mr. Zaid's security clearance, and national security cannot now serve as the basis for expedited consideration here.

## II. The District Court's Order is Not Subject to Substantial Challenge

*Second*, the government has not shown that the district court's injunction "is subject to substantial challenge." Mot. at 4. The district court correctly concluded

---

[4] The District Court noted that the memorandum "does not mention national security at all" and "instead directs agencies to summarily revoke Zaid's clearance based on the 'national interest,' which courts have consistently recognized as *distinct from and more nebulous than* a particular determination about national security. . . . The memorandum's invocation of the phrase 'national interest' to deny Zaid any process does not implicate the separation of powers concerns present when the executive branch has exercised its expertise to make an individualized national security assessment." Dist. Ct. Op. at 12 (citations omitted) (emphasis added).

6

that Mr. Zaid is likely to succeed on multiple claims, holding that the revocation of his security clearance likely violated the First Amendment, procedural due process, and the right to counsel. Dist. Ct. Op. at 14. In reaching that conclusion, the district court joined "the several others in this district that have enjoined the government from using the summary revocation of security clearances to penalize lawyers for representing people adverse to it." Dist. Ct. Op. at 2–3 (citing *Perkins Coie LLP v. U.S. Dep't of Just.*, 783 F. Supp. 3d 105 (D.D.C. 2025); *Jenner & Block LLP v. U.S. Dep't of Just.*, 784 F. Supp. 3d 76 (D.D.C. 2025); *Wilmer Cutler Pickering Hale & Dorr LLP v. Exec. Off. of the President*, 784 F. Supp. 3d 127 (D.D.C. 2025); *Susman Godfrey LLP v. Exec. Off. of the President*, 789 F. Supp. 3d 15 (D.D.C. 2025)).

The government's motion fails to demonstrate that the district court's ruling—or the rulings of the several other courts in similar cases—are "subject to substantial challenge." *D.C. Circuit Handbook of Practice & Internal of Practice and Internal Procedures* 34. In its motion to expedite, the government merely asserts that "the district court's order clearly intrudes into the President's classification authority—a core Article II power of the Commander in Chief." Mot. at 4. But as the district court correctly explained, "the executive branch's exclusive power to determine *who* satisfies the eligibility criteria for security clearance does not mean it can conduct that determination however it wants and free from the Constitution's limits." Dist. Ct. Op. at 2 (citing *Nat'l Fed'n of Fed. Emps. v. Greenberg*, 983 F.2d 286, 290 (D.C.

7

Cir. 1993)). In its motion, the government does not attempt to respond to this point or articulate why the district court's interpretation of D.C. Circuit precedent is incorrect, Dist. Ct. Op. at 2, and it has not shown that the district court's ruling is subject to substantial challenge.

**III.    Expedition Could Prejudice Mr. Zaid In Light of His Counsel's Schedule**

Finally, Mr. Zaid's lead counsel, Abbe David Lowell, is preparing for a February 3, 2026 pre-trial conference (drafting reply briefs on motions to dismiss, motions in limine, and other pre-trial requirements) for a criminal case in Los Angeles presently scheduled to begin trial on February 17, 2026 (*United States v. Huerta*, No. 25-cr-00841 (C.D. Cal.)); is preparing for a multi-defendant civil trial in Massachusetts scheduled to begin on March 2, 2026 (*Steiner v. eBay Inc.*, No. 21-cv-11181 (D. Mass.)); and has been working as co-counsel in a case being argued before the Supreme Court on January 21, 2026 (*Trump v. Cook*, No 25-5326) and may have the need for additional filings in one of the lower courts in which the case has been heard. Additionally, co-counsel in this case, Margaret Donovan, is lead counsel in a federal trial scheduled to begin on March 2, 2026 (*Williams v. Vargas*, 3:22-cv-1075 (D. Conn.)). Counsel's currently scheduled trial conflicts and other case deadlines would make it difficult for Mr. Zaid's counsel to prepare and meet the government's proposed *10-day* turnaround time for Plaintiff-Appellee's response brief by January 30, 2026, and could potentially prejudice Mr. Zaid in this regard.

8

## IV.     Conclusion

In sum, the government has not demonstrated that the established appellate process will cause "irreparable injury" and that the district court's injunction "is subject to substantial challenge." *D.C. Circuit Handbook of Practice & Internal of Practice and Internal Procedures* 34.  For the foregoing reasons, the Court should deny the government's motion for an abbreviated briefing schedule and expedited consideration of the appeal.


Date: January 20, 2026

Respectfully Submitted,

*/s/ Abbe David Lowell*
Abbe David Lowell (D.C. Bar #358651)
David A. Kolansky (NY Bar #5887765)
**LOWELL & ASSOCIATES PLLC**
1250 H Street, N.W., Suite 250
Washington, DC 20005
Tel: (202) 964-6110
Fax: (202) 964-6116
alowellpublicoutreach@lowellandassociates.com
dkolansky@lowellandassociates.com

*/s/ Margaret M. Donovan*
Margaret M. Donovan (D.C. Bar #CT0026)
**KOSKOFF, KOSKOFF & BIEDER, PC**
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com

*/s/ Norman L. Eisen*
Norman L. Eisen (D.C. Bar #435051)
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue, SE, #15180
Washington, D.C. 20003
Tel: (202) 594-9958
norman@statedemocracydefenders.org

*Counsel for Plaintiff Mark S. Zaid*

# CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 27(D)(2)(A)

Pursuant to Fed. R. App. P. 32(g), I hereby certify that the preceding opposition brief complies with the type-volume limitation of the Rules, containing 1,949 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Abbe David Lowell*
Abbe David Lowell

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<pre>                             /s/ Abbe David Lowell
                             Abbe David Lowell</pre>