IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Mark S. Zaid, Esq.,**            ) | |
|                                                  ) | |
| **Plaintiff-Appellee,**          ) | |
|                                                  ) | |
| v.                                        ) | Civil Action No. 26-5009 |
|                                                  ) | |
| **Executive Office of the**    ) | |
| **President,** *et al.***,**         ) | |
|                                                  ) | |
| **Defendants-Appellants.**  ) | |

## GOVERNMENT'S REPLY TO APPELLEE'S OPPOSITION TO GOVERNMENT'S MOTION FOR AN ABBREVIATED BRIEFING SCHEDULE AND <u>EXPEDITED CONSIDERATION OF THE APPEAL</u>

An abbreviated briefing schedule and expedited consideration of this appeal is warranted because the Government has met the standards for expedition established by this Court. The Government has argued, and appellee does not dispute, that the public has an unusual interest in the disposition of this appeal. The Government has also shown that the District Court's preliminary injunction will inflict irreparable injury absent expedition and is subject to substantial challenge. Finally, appellee's counsel's competing priorities (a status conference in

1

February, two trials in March, and an already argued appeal) do not justify a delay in resolving this appeal expeditiously. Appellee's Resp. Br. at 8.

Accordingly, the Court should grant the Government's motion for an abbreviated briefing schedule and expedited consideration of the appeal. In so doing, the Court should establish the following schedule:[1]

**Government's Opening Brief:**   Tuesday, January 27, 2026

**Plaintiff's Response Brief:**   Friday, February 6, 2026

**Government's Reply Brief:**   Friday, February 13, 2026

Additionally, the Government respectfully asks the Court to direct the Clerk to schedule oral argument on the earliest available date following the completion of briefing.

## DISCUSSION

I. **THE APPELLEE DOES NOT DISPUTE THAT THE PUBLIC HAS AN UNUSUAL INTEREST IN PROMPT DISPOSITION OF THIS APPEAL.**

When a non-movant files an opposition to a motion and addresses only certain arguments made by the movant, a court may treat those unanswered arguments as conceded. *Hopkins v. Women's Div., Gen. Bd.*

---

[1] These dates differ from the dates proposed in the original motion because the first deadline proposed in that motion has already lapsed.

2

*of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002)); *accord. Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments by the moving party, the court may treat those arguments as conceded." (citation omitted)).

This Court's Handbook of Practice and Internal Procedures provides that the Court "may expedite cases in which the public generally, or in which persons not before the Court, have an unusual interest in prompt disposition" and that "the reasons must be strongly compelling." D.C. Circuit Handbook of Prac. and Internal Procs. at 34. In its original motion, the Government argued in no uncertain terms that that "the public has an unusual interest in the prompt disposition of this appeal" because this matter "deals with an individual's access to the Nation's secrets and the Executive Branch's authority to control that access." Mot. for Abbreviated Briefing Schedule and Expedited Consideration at 4–5. The appellee's opposition brief did not contest that

3

there is an unusual public interest in this appeal. Nor did it address that argument at all.

Moreover, the public's interest in a prompt disposition of this appeal arises from the national security concerns that give rise to the instant litigation. The Constitution confers on the President, as Commander in Chief, the exclusive "authority to classify and control access to information bearing on national security." *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988). And enjoining the Executive Branch's security-clearance determinations implicates "serious public safety and national security concerns." *See Hamilton v. Transp. Sec. Admin.*, 240 F. Supp. 3d 203, 206 (D.D.C. 2016) ("[T]aking the unprecedented step of enjoining an agency's decision to revoke an employee's security clearance and reinstating that employee to his position within the agency would implicate serious public safety and national security concerns.").

Because the appellee did not address the Government's public-interest argument, the Court should treat that argument as conceded and grant the Government's motion.

## II.  THE GOVERNMENT WILL SUFFER FURTHER IRREPARABLE HARM ABSENT EXPEDITION.

Courts have long recognized the harm of premature judicial intermeddling in the political departments' discretionary national-security judgments. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 33 (2008) (vacating preliminary injunction that "jeopardiz[ed] national security" (quoting *Steffel v. Thompson*, 415 U.S. 452, 466 (1974)); *Hamilton*, 240 F. Supp. 3d at 206.

With each passing day since January 13, the Government and public are being irreparably harmed by the District Court's injunction of the President's authority to safeguard the Nation's secrets and prohibition of defendant agencies from relying on the President's directives. The Constitution vests the President, as Commander-in-Chief, the "authority to classify and control access to information bearing on national security." *Dep't of Navy v. Egan*, 484 U.S. 518, 528 (1988). And when a district court "improperly intrudes" on the authority of "a coordinate branch of the Government," the Government is likely to suffer irreparable harm. *Trump v. CASA, Inc.*, 606 U.S. 831, 859–61 (2025). Therefore, the Government has shown that expedition is justified because the Government is likely to suffer irreparable harm.

5

The procedural posture of the Government's litigation in four cases involving law firms has no bearing on this appeal as those cases are irrelevant to whether the Government will suffer irreparable harm absent expedition in this case.

Because the Government is likely to show that it will continue to suffer irreparable harm during the pendency of this appeal, expedition is warranted.

## III. THE DISTRICT COURT'S PRELIMINARY INJUNCTION IS SUBJECT TO SUBSTANTIAL CHALLENGE.

At the very least, the District Court's injunction is in severe tension with the prior decisions of the Supreme Court, this Court, and other Courts of Appeals. A slue of cases hold that the Executive Branch has sweeping authority over security-clearance and access-to-classified-information determinations and that such determinations are unreviewable. Therefore, the preliminary injunction is subject to substantial challenge.

Judicial "inquiry into matters of . . . national security is highly constrained." *Trump v. Hawaii*, 585 U.S. 667, 704 (2018) (quoting *Mathews v. Diaz*, 426 U.S. 67, 81–82 (1976)). Accordingly, courts traditionally defer to the political departments in matters involving

6

"national security and foreign affairs." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 36 (2010). This deference is so well established that the Supreme Court held in a seminal preliminary-injunction case that even when plaintiffs are correct on the underlying merits, a preliminary injunction is an abuse of discretion when the United States's interests and national-security risks outweigh the harm to the plaintiff. *Winter*, 555 U.S. at 31 n.5.

And this deference is all the more established in cases involving the Executive Branch's security-clearance determinations. In *Egan*, for example, the Supreme Court recognized that the "authority to protect [classified] information falls on the President as head of the Executive Branch and as Commander in Chief" and that "unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Egan*, 484 U.S. at 527, 530 (citing five cases). Even more, the D.C. Circuit held not long ago that federal courts "may not consider constitutional claims challenging" denials or revocations of security clearances and that such determinations were discretionary

7

political questions not suited for judicial review. *Lee v. Garland*, 120 F.4th 880, 887, 894–95 (D.C. Cir. 2024).

This appeal deals precisely with a preliminary injunction related to the President's authority to make national-security determinations.[2] The District Court's order is an extraordinary departure from longstanding Supreme Court precedent and this Court's recent decisions. As such, the Government's appeal poses a substantial challenge.

## IV. APPELLEE'S COUNSEL'S OTHER MATTERS DO NOT OUTWEIGH THE NEED FOR EXPEDITED CONSIDERATION OF THIS APPEAL.

Finally, appellee's counsel's other matters do not outweigh the governmental and public interests in expedited consideration of this appeal. The applicable standards on a motion for expedition pertain to the parties' and public equities; not whether counsel has competing demands. D.C. Handbook of Prac. and Internal Procs. at 34. In addition, nothing about Plaintiff's counsel's particular schedule warrants denial of expedited briefing.

---

[2] The District Court's reasoning and appellee's argument that a determination based on the "national interest" is necessarily distinct from a determination based on "national security" is unpersuasive. Appellee's Resp. Br. at 5 & n.4 (citing Dist. Ct. Op. at 12). National security is plainly one of many national interests.

8

## CONCLUSION

For these reasons, the Court should grant the Government's motion for expedited briefing, issue an order setting the above proposed briefing schedule, and direct the Clerk to schedule oral argument on the earliest available date following the completion of briefing.

Dated:　January 21, 2026　　　　Respectfully submitted,
　　　　　Washington, D.C.

　　　　　　　　　　　　　　　　STANLEY E. WOODWARD, JR.
　　　　　　　　　　　　　　　　Associate Attorney General


　　　　　　　　　　　　　　　　*/s/　Abhishek Kambli*
　　　　　　　　　　　　　　　　ABHISHEK KAMBLI
　　　　　　　　　　　　　　　　Deputy Associate Attorney General
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　950 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　Tel: (202) 514-9500

　　　　　　　　　　　　　　　　*Counsel for Defendants-Appellants*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of D.C. Circuit Rule 27 because it contains 1405 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Abhishek Kambli*
ABHISHEK KAMBLI

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system.

                                                                  */s/   Abhishek Kambli*

                                                                  ABHISHEK KAMBLI